# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

DONNELL DWAYNE DIEGO,

    Movant,

v.                                                  Case No. 2:24-cv-00219
                                                        Case No. 2:14-cr-00060-1

UNITED STATES OF AMERICA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 39). This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY AND BASIS OF MOTION

Donnell Diego (hereinafter "Defendant") was initially convicted in this federal court following his guilty plea, pursuant to a written plea agreement, to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(a), as set forth in an Information. (ECF Nos. 1, 6, and 7).[1] Additionally, as relevant here, Defendant's plea agreement provided that the United States had filed an

---

[1] Defendant was also charged in this Court in a two-count indictment in Case No. 2:13-cr-00271 with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), and one count of possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1). As part of his plea agreement, Petitioner agreed to waive indictment and plead guilty to the methamphetamine conspiracy charge in exchange for dismissal of the indictment containing these other charges. (ECF No. 7 at 2; ECF No. 5). This separate criminal action was opened to address the conspiracy charge and Case No. 2:13-cr-00271 was subsequently dismissed.

Information under 21 U.S.C. § 851 setting forth that Defendant was subject to an increased statutory maximum sentence of 30 years (instead of 20 years) due to being convicted of a prior felony offense (hereinafter "§ 851 enhancement"). (ECF No. 7 at 2; ECF No. 3; *see also* 21 U.S.C. § 841(b)(1)(C)). Defendant's plea agreement also included a direct appeal waiver, unless his sentence exceeded the statutory maximum, and further waived any collateral attack of his conviction or sentence, other than one based on a claim of ineffective assistance of counsel. (ECF No. 7 at 4-5).

According to his Presentence Investigation Report ("PSR"), Defendant was found to be responsible for 1055.422 kilograms of marijuana equivalency for the drugs involved in his offenses. This resulted in a proposed base offense level under the United States Sentencing Guidelines of 32. *See* U.S.S.G. § 2D1.1(c)(4). However, at sentencing, which occurred on October 6, 2014, the presiding District Judge reduced the base offense level to 30 because the drug amount was "barely over the 1,000 kg threshold." (*See* Sealed Statement of Reasons, ECF No. 20 at 5). The District Court also granted an additional two-level variance to level 28 based upon the United States' motion made in anticipation of an amendment of the proposed sentencing guidelines expected to take effect on November 1, 2014. (*Id.*)

Without objection, Defendant also received a two-level enhancement for possession of 17 firearms, *see* U.S.S.G. § 2D1.1(b)(1), and a two-level enhancement for maintaining a drug residence, *see* U.S.S.G. § 2D1.1(b)(12). He also received a two-level enhancement for obstruction of justice for recklessly creating a substantial risk of death or serious bodily injury to another person while fleeing from a law enforcement officer. *See* U.S.S.G. § 3C1.2. These enhancements resulted in a total offense level of 34. Although Defendant also qualified under U.S.S.G. § 4B1.1(a) as a "career offender" due

2

to his two prior felony controlled substance convictions, the guideline level for a career offender is also 34, so it made no difference to that calculation. (*Id.*)

Defendant then received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 31. *See* U.S.S.G. § 3E1.1. (*Id.*) With a criminal history category of VI, Defendant's applicable guideline range was 188 to 235 months in prison, well below the 360-month maximum established by the § 851 enhancement. Defendant was sentenced to serve 188 months in prison, followed by a six-year term of supervised release. (ECF No. 18). This sentence was also below the 20-year maximum that Defendant would have faced without the § 851 enhancement. A Judgment to that effect was entered on October 16, 2014. (ECF No. 19).

Defendant did not file a direct appeal. Thus, his Judgment became final on or about October 30, 2014, 14 days after it was entered. *See* F. R. App. P. 4(b)(1)(A). Although Defendant unsuccessfully filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, his May 2021 motion focused only on the threat of the COVID-19 pandemic and his underlying medical conditions as compelling reasons for compassionate release, and did not in any way challenge the validity of his sentence under the provision of the First Step Act that he now appears to be raising. Defendant's Rule 59(e) motion concerning the denial of his motion for compassionate release was also denied. (ECF Nos. 37, 38).

On April 29, 2024, Defendant filed the instant § 2255 motion. While vaguely pled, the motion appears to be asserting that Defendant's enhanced sentence under § 851 should be revisited under the First Step Act ("FSA"), Pub. L. No. 115-391. His

3

motion states that he was "sentenced to 15 years pursuant to standard of armed career"[2] "[h]owever, new FSA provisions do require further review (Pub. L. No. 115-391) as it relates to the (2010) Fair Sentence Act." (ECF No. 39 at 4). His motion further requests "a reduction of sentence, to establish the record, as a career offender." (*Id.* at 12).

While Defendant's motion is somewhat cryptic, it can only implicate two provisions under the FSA, which became effective on December 21, 2018. First, since his § 2255 motion also references the Fair Sentencing Act of 2010, the undersigned notes that section 404 of the FSA made retroactive the Fair Sentencing Act of 2010, which reduced sentences for drug offenders convicted of offenses involving crack cocaine. As Defendant was not convicted of a crack cocaine offense, however, that provision of the FSA has no application to Defendant's sentence.

Second, section 401 of the FSA reduced the <u>minimum</u> sentences which must be imposed when § 851 enhancements apply under 21 U.S.C. §§ 841(b)(1)(A) and 960(b)(1). However, since Defendant was convicted and sentenced under 21 U.S.C. § 841(b)(1)(C), which subjected him to a sentence of 0-30 years with the § 851 enhancement, and not an enhanced <u>mandatory minimum</u> sentence under § 841(b)(1)(A), this provision also does not apply to Defendant's sentence. Due to the inapplicability of these provisions to his sentence and, furthermore, because it is apparent that Defendant's § 2255 motion is untimely filed, the undersigned has not ordered Respondent to respond to any of Defendant's filings and his § 2255 motion should be summarily dismissed.

---

[2] Since Defendant was not convicted and sentenced of a firearms offense, the undersigned believes that Defendant intended to refer to the § 851 statutory enhancement and the "career offender" provision of the sentencing guidelines, and not the "armed career criminal" provision contained in 18 U.S.C. § 924(e), which only applies to firearms offense convictions.

## ANALYSIS

### A.     Defendant's motion is untimely filed.

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. "The Court has the power to raise the issue of timeliness in habeas proceedings *sua sponte*" so long as the Defendant has notice (which is provided through this Proposed Findings and Recommendation) and an opportunity to respond (which he will have during the objection period described at the end of this document). *Huffman v. United States*, No. 2:10-cv-00050; 2:05-cr-00018, 2010 WL 5418936, at *4 and n.2 (N.D.W. Va. Oct. 26, 2010) (citing *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002).

As noted above, Defendant's criminal judgment became final on or about October 30, 2014, when he did not file a direct appeal to the Fourth Circuit. Thus, pursuant to 28 U.S.C. § 2255(f)(1), Defendant had until October 30, 2015 to file a timely § 2255

motion concerning this conviction and sentence, which he failed to do. Accordingly, his current § 2255 motion was clearly untimely filed under § 2255(f)(1).

Moreover, Defendant has not offered any valid basis for an alternative running of the one-year statute of limitations under the other sections of § 2255(f) or to equitably toll the limitation period. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014); *Harris v. Hutchinson*, 209 F.3d 325, 329-330 (4th Cir. 2000). To the extent that Defendant is relying on the enactment of the FSA as a triggering event that would allow the statute of limitations to be run from a later date, because the FSA became effective on December 21, 2018, it could only extend the statute of limitations to one year thereafter, or December 21, 2019. Again, Defendant's § 2255 motion filed on April 29, 2024 is clearly untimely under any other provision of § 2255(f), as based on the enactment of the FSA, and Defendant's vague motion offers no other explanation or argument for an alternative running of the statute of limitations.

As to when equitable tolling should apply, the Fourth Circuit has stated:

> We believe . . . that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The Court opined that equitable tolling should apply in "two generally distinct kinds of situations:" (1) where a plaintiff/petitioner is prevented from asserting his claim by some kind of wrongful conduct on the part of the defendant/respondent; and (2) where <u>extraordinary circumstances</u> beyond the plaintiff/petitioner's control made it impossible to file the claims on time. *Id*. [Emphasis added]. Defendant's circumstances herein are not extraordinary and are

6

insufficient to toll the statute of limitations or otherwise render Defendant's § 2255 motion timely.

      **B.    Defendant's claims for relief are meritless and waived by his plea agreement.**

As further noted above, Defendant's reliance on the FSA and/or Fair Sentencing Act to seek a reduction of his sentence is meritless, as the cited provisions are inapplicable to his sentence. Therefore, Defendant has not established that he is serving a sentence that exceeds the statutory maximum or that his sentence was otherwise imposed in violation of the Constitution or laws of the United States, or that this Court was without jurisdiction to impose the same. Moreover, as Defendant's claim does not invoke ineffective assistance of counsel, it is barred by the collateral review waiver contained in his plea agreement.

## RECOMMENDATION

For all these reasons, the undersigned proposes that the presiding District Judge **FIND** that Defendant's § 2255 motion is untimely and lacks merit. Therefore, it is respectfully **RECOMMENDED** that Defendant's § 2255 motion (ECF No. 39) be dismissed with prejudice.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing

this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant and to transmit it to counsel of record.

August 5, 2025

Dwane L. Tinsley
United States Magistrate Judge